# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE LEMONS,** | ) | |
| Petitioner, | ) | Civil Action No. 08-87 Erie |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| **FRANCISCO J. QUINTANA,** | ) | |
| Respondent. | ) | |

## OPINION AND ORDER[1]

### I. INTRODUCTION

Petitioner Robert Lee Lemons is a federal inmate who was incarcerated at the Federal Correctional Institution, McKean ("FCI McKean"), located in Bradford, Pennsylvania, at the time he filed the instant action. He is serving a 212-month term of imprisonment, which was imposed by the United States District Court for the Northern District of Ohio on May 15, 2003. Before the Court is his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he disputes the Federal Bureau of Prisons' (the "BOP's" or "Bureau's") computation of his federal sentence. He claims he is entitled to additional credit against his sentence.[2]

#### A. Relevant Facts and Procedural History

On January 6, 2001, Petitioner was arrested by local law enforcement in Cuyahoga County, Ohio, and charged with the state offenses of Aggravated Robbery, Felonious Assault,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The BOP is the agency responsible for implementing and applying federal law concerning the computation of federal sentences. See, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96.

1

Failure to Comply with Order, Possession of Drugs, and Preparation of Drugs for Sale. His case was docketed in the Cuyahoga County Common Pleas Court at CR-01-403088. On January 8, 2001, he was released from jail after posting bail. [ECF No. 22-2 at p. 8, Decl. of J.R. Johnson, Ex. 2 at ¶ 8(a); ECF No. 22-2 at p. 18, Ex. 2a, Case Summary, State of Ohio v. Robert L. Lemons, No. CR-01-403088 (C.P. Cuyahoga Co.)].

On August 16, 2001, Petitioner did not appear in state court for processing of the state criminal charges in Case No. CR-01-403088. As a result, the state court forfeited his bond and ordered a warrant be issued for his arrest. [ECF No. 22-2 at p. 8, Ex. 2 at ¶ 8(b); ECF No. 22-2 at p. 18, Ex. 2a].

On September 16, 2001, members of the South East Area Law Enforcement Narcotic Task Force executed a search warrant at Petitioner's residence and recovered 64.13 grams of crack cocaine. Petitioner was arrested on September 18, 2001, in Cuyahoga County, Ohio, and was charged with state criminal offenses. Thereafter, he was held in state/county custody pending the state criminal charges. [ECF No. 22-2 at pp. 8-9, Ex. 2 at ¶ 8(c)-(d); ECF No. 22-3 at p. 10, Ex. 2f].

As will be discussed below, the crack cocaine found during the September 16, 2001, search of Petitioner's residence would later form the basis of federal criminal charges against him. [ECF No. 22-2 at pp. 8-9 n.1]. However, because state/local authorities had arrested Petitioner first,[3] federal authorities always considered him to be in the "primary custody" of the State of Ohio. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. See Ponzi v. Fessenden, 258

---

[3] Petitioner remained in state/local custody after his September 18, 2001, arrest. Federal authorities arrested him on July 31, 2002, while he was in state/local custody.

U.S. 254 (1922).  See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D. Pa.), aff'd 100 F.3d 946 (3d Cir. 1996).  In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him.  That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him.  The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition.  See, e.g., Bowman, 672 F.2d at 1153-54.  Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence." Chambers, 920 F.Supp. at 622 (citations omitted).

On November 14, 2001, Petitioner (who was in prison in the Cuyahoga County Jail, see ECF No. 22-3 at p. 10) was arrested by state/local authorities again – this time on charges of Trafficking in Drugs, Possession of Drugs, Drug Trafficking With a Juvenile, and Possession of Criminal Tools.  This criminal case was docketed in the Cuyahoga County Common Pleas Court at No. CR-01-415864.  [ECF No. 22-2 at p. 4].

The Common Pleas Court eventually ordered that Petitioner be transferred to a healthcare institution so that he could be restored to competency to stand trial against the state criminal charges.  [ECF No. 22-2 at pp. 8-9, Ex. 2 at ¶ 7 & ¶ 8(e) (citing docket sheet in State of Ohio v. Robert Lemons, CR-01-415864 (C.P. Cuyahoga Co.)].  In accordance with that order, Petitioner was placed at the Northcoast Behavioral Healthcare System on or around April 4, 2002.  On or around July 4, 2002, he was returned to the Cuyahoga County Jail.  [ECF No. 22-2 at p. 9, Ex. 2 at ¶¶ 8(g)-(h); ECF No. 22-3, Ex. 2f].

3

In the meantime, on January 18, 2002, while Petitioner was in state/local custody, a federal criminal complaint was filed in the United States District Court for the Northern District of Ohio at Criminal Docket No 1:02-cr-00349. On July 31, 2002, he was arrested by agents of the United States Drug Enforcement Administration pursuant to those federal criminal charges. [ECF No. 22-2 at p. 9, Ex. 2 at ¶¶ 8(f), 8(i); ECF No. 22-2 at p. 24, Ex. 2c, United States Marshals Service ("USMS") Form 129]. On that same day, he was produced in the federal district court for a preliminary examination pursuant to a writ of habeas corpus *ad prosequendum*.[4] After Petitioner waived the preliminary examination, he was returned to state authorities in satisfaction of the federal writ. [ECF No. 22-2 at p. 9, Ex. 2 at ¶ 8(g)].

On February 12, 2003, Petitioner again was produced in federal district court pursuant to a federal writ of habeas corpus *ad prosequendum*. He entered a guilty plea to the federal charge of Possession with Intent to Distribute Cocaine Base. After he entered the federal guilty plea, he was returned to state/local custody in satisfaction of the federal writ. [ECF No. 22-2 at p. 10, Ex. 2 at ¶¶ 8(k)-(l)].

On May 15, 2003, Petitioner was produced once more in federal district court pursuant to a federal writ of habeas corpus *ad prosequendum*. He was sentenced to a 212 month term of imprisonment to be followed by a ten year term of supervised release. [ECF No. 22-2 at p. 10, Ex. 2 at ¶ 8(m)]. *The district court was silent as to whether it intended its sentence run concurrently with any other sentence.* [ECF No. 22-3 at pp. 1-2, Ex. 2d, Federal Judgment and Commitment Order]. After imposition of the federal sentence, Petitioner was returned to state/local custody in satisfaction of the federal writ. [ECF No. 22-2 at p. 10, Ex. 2 at 8(n)].

---

[4] A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign – in this case, the federal government – is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

4

On May 20, 2003, Petitioner appeared in state court in Case Nos. CR-01-415864 and CR-01-403088. Pursuant to the terms of a plea agreement, he pleaded guilty to Robbery, Attempted Assault, Failure to Comply with Order/Signal, and Possession of Drugs in Case No. CR-01-403088. According to Petitioner, the State of Ohio dismissed all criminal charges in connection with Case Number CR-01-415864 "due to the federal conviction and sentence[.]" [ECF No. 25 at p. 6; see also ECF No 22-2 at pp. 8, 10, Ex. 2 at ¶¶ 7, 8(o)).

Upon accepting Petitioner's guilty plea, the Court of Common Pleas for Cuyahoga County imposed a term of imprisonment of five years at the Lorain Correctional Institution, which is a state prison. *The state court directed that its sentence run concurrently with the federal sentence.* The state court also directed that Petitioner receive credit for all of the time that he served in official detention prior to the commencement of the state sentence. [ECF No. 22-2 at pp. 6-7, 10, Ex. 2 at ¶¶ 6, 8(p); ECF No. 22-3 at p. 8, Ex. 2e, State Judgment and Commitment Order].

Petitioner was delivered to the Lorain Correctional Institution on June 4, 2003. However, five days later, on June 9, 2003, state prison authorities returned him to the county jail facility so that he could be transferred to the USMS "to begin sentence in federal case[.]" [ECF No. 22-2 at pp. 7, 10, Ex. 2 at ¶¶ 6, 8(q)]. According to Petitioner, "[w]hen the county jail contacted the U.S. Marshals, they refused to take me into custody, so on June 13, 2003, I was returned to Lorain Correctional Institutional for service of my state sentence." [ECF No. 24 at p. 5, Petitioner's Decl. at ¶ 15; see also ECF No. 22-2 at p. 7].

Petitioner contends that the federal government had primary custody over him as of June 9, 2003, but the BOP determined that it did not and that is why the USMS would not accept him into its custody. There is no basis for this Court to disturb the BOP's determination and

5

Petitioner has no standing to challenge it. Bowman, 672 F.2d at 1153-54 (quoting Derengowski v. United States Marshal, 377 F.2d 223, 224 (8th Cir. 1967) for the proposition that: "'[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.' He has no standing to raise the issue.")). See also Rashid v. Quintana, No. 1:08-cv-107, 2009 WL 3271214 at *1 n.3 (W.D. Pa. Oct. 9, 2009), aff'd 372 F.App'x 260 (3d Cir. 2010).

Several years later, on December 13, 2006, Petitioner was physically released from the state sentence and accepted by the USMS for service of his federal sentence. The BOP calculated Petitioner's federal sentence as having commenced on that date. It also determined that Petitioner is entitled to 92 days of pre-sentence commencement credit (commonly known as "prior custody credit"). The BOP has calculated Petitioner's federal sentence as consecutive to his state sentence. This means that it has refused to give him a retroactive concurrent designation under 18 U.S.C. § 3621(b) (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence.[5] [ECF No. 22-1 at p. 9, Ex. 1a; see also ECF No. 22-2 at p. 24, Ex. 2c; ECF No. 22-2 at p. 10, Ex. 2 at ¶¶ 8(s)-(t)]. Assuming that Petitioner receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is May 6, 2022.

In the instant petition for writ of habeas corpus, Petitioner challenges the BOP's decision and contends that it should calculate his federal sentence as having commenced on June 9, 2003.

---

[5] When a federal court imposes a prison sentence, Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise[.]" 18 U.S.C. § 3621(b). This statute provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered. See, e.g., Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

That is the date that state prison authorities originally returned him to the county jail facility so that he could be transferred to federal authorities "to begin sentence in federal case."

## II.     **Discussion**

###     A.     **Subject Matter Jurisdiction**

A challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255 and filed with the federal district court that convicted and sentenced the petitioner. In cases such as this, where the petitioner is challenging the BOP's execution of his federal sentence, the habeas petition is properly brought in the district of confinement under 28 U.S.C. § 2241. See, e.g., Barden, 921 F.2d at 478-79. At the time this petition was filed, Petitioner was incarcerated at FCI McKean, which is within the Western District of Pennsylvania. He has since been transferred to FCI Schuylkill, in Minersville, Pennsylvania.

###     B.     **Legal Analysis**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statutes because the BOP has calculated his sentence incorrectly. The following statutes are relevant to the evaluation of his claim: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C.

7

§ 3585(b), which governs the amount of prior custody credit that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[6]

### 1. The determination of whether a federal sentence is concurrent with or consecutive to a state sentence

### (a) Statutory and policy background

In determining whether Petitioner is entitled to any habeas relief, this Court must first examine whether the BOP violated federal law in computing Petitioner's federal sentence as consecutive to his state sentences pursuant to 18 U.S.C. § 3584(a). This analysis also requires a consideration of whether the BOP abused its discretion in declining to grant Petitioner a retroactive, or *nunc pro tunc*, concurrent designation pursuant to 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (discussed below). See PS 5160.05, Pages 5-7.

Section § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*[7]

---

[6] BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, the policies are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984). See Stiver v. Meko, 130 F.3d 574, 577 (3d Cir. 1997). However, the policies are still entitled to "some deference" from this court. Koray, 515 U.S. at 61; Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997); see also United States v. Mead Corp., 533 U.S. 218, 234-35 (2001); Elizabeth Blackwell Health Center for Women v. Knoll, 61 F.3d 170, 182 (3d Cir. 1995) (deferring to interpretive rule that was not subject to notice and comment when the Secretary of Health and Human Services's reconciliation of the competing interests in the Medicaid statute and Hyde Amendment was reasonable).

[7] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, Chapt. 1, Page 32A. This Court notes that there is a split of opinion among the courts of appeals as to whether a federal

(Emphasis added).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the *federal sentencing court orders* that the sentences are to be served concurrently.[8] See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, Petitioner's federal sentencing court did not order that his federal sentence was to be served concurrent with any state sentence. Therefore, although the state court subsequently directed that the state sentence be served concurrently with the federal sentence, the BOP did not automatically consider the sentences to be concurrent because the *federal sentencing court* had not so ordered.

Importantly, however, because the state court had ordered that Petitioner serve his state sentences concurrently with his federal sentence, the BOP considered, as it must under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) and its own policies, whether it should exercise its discretion and grant Petitioner a retroactive concurrent designation pursuant to § 3621(b). In Barden v. Keohane, the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. For example,

---

district court may order a sentence to run consecutively to a sentence a state court has not yet imposed. Romandine v. United States, 206 F.3d 731, 737-39 (7th Cir. 2000) (collecting cases); see also United States v. Donoso, 521 F.3d 144, 147-49 (2d Cir. 2008). In the Sixth Circuit, where Petitioner's federal sentence was imposed, the United States Court of Appeals for the Sixth Circuit held on October 9, 1998 that Section 3584(a) "does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence." United States v. Quintero, 157 F.3d 1038, 1039-41 (6th Cir. 1998).

[8] The BOP recognizes that a federal sentencing court "may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition." PS 5160.05, Page 5. As explained herein, the BOP contacted Petitioner's federal sentencing court and asked for the court's opinion as to whether it should provide Petitioner with a retroactive concurrent designation. The federal sentencing court replied: "[Petitioner's] request … for a concurrent retroactive designation *should be denied*." [ECF No. 22-1 at p. 19, Ex. 1c (emphasis added); see also ECF No. 22-3 at pp. 12-13, Ex. 2g].

9

the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence and orders that it is to be served concurrently with the federal sentence. See Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Id. at 478-83; PS 5160.05, Pages 5-7. The BOP may also consider the state court's sentencing order as a request that the inmate be permitted to serve his federal and state sentences concurrently. PS 5160.05, Page 7.

Although the BOP must consider the inmate's request for concurrent service of sentences, *it is not obligated to grant the request*. Barden, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7. BOP policy further instructs:

> In making the determination, if a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or

10

>     recommendation regarding the service of the sentence in relationship to the yet to
>     be imposed state term), the [The Regional Inmate Systems Administrator
>     ("RISA")] will send a letter to the sentencing court (either the Chambers of the
>     Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate)
>     inquiring whether the court has any objections. Regardless of where the original
>     inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will
>     receive a courtesy copy.

PS 5160.05, Page 6.

### (b) The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation under § 3621

When Petitioner learned that the BOP calculated his federal sentence as having commenced on December 13, 2006, he filed an administrative remedy. In response, the Warden informed him that, in accordance with § 3621 and its policies, the BOP Designation and Sentence Computation Center ("DSCC") would be contacted for a review and determination regarding whether he should receive a request for a concurrent running of his federal and state sentence. [ECF No. 22-1 at pp. 11-13; Ex. 1b].

The DSCC subsequently sent Petitioner's federal sentencing court a letter in which the BOP's computation of his sentence was explained. The letter indicated that Petitioner requested that the BOP credit his federal sentence for the time that he served in state custody and/or concurrent running of his federal and state sentences. It was explained that under Barden v. Keohane the BOP could retroactively commence an inmate's federal sentence upon imposition, if such a designation were consistent with federal statutes and the intent of the federal sentencing court. The letter requested that the court advise the DSCC regarding the court's position on retroactive designation. [ECF No. 22-3 at pp. 12-13, Ex. 2g]. In a handwritten note dated August 27, 2007, Petitioner's federal sentencing court advised: "[Petitioner's] request of credit

11

for time served in state custody on unrelated charges or request for a concurrent retroactive designation *should be denied*." [ECF No. 22-1 at p. 19, Ex. 1c (emphasis added)].

On November 9, 2007, the DSCC conducted a Barden v. Keohane review to determine whether or not to grant Petitioner's request for a retroactive designation of the state institution as the institution for service of his federal sentence. The five factors set for in § 3621(b)[9] were considered with respect to Petitioner's particular circumstances. After consideration of all five factors, it was determined that Petitioner's request should be denied. [ECF No. 22-3 at pp. 15-16, Ex. 2h]. Therefore, the BOP declined to grant Petitioner a retroactive designation of concurrency under § 3621(b).

The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation. It considered as it must the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Petitioner's case. There is no basis to grant habeas relief upon the BOP's exercise of its discretion. See Barden, 921 F.2d at 484.

Finally, although the state court ordered the state sentences that it imposed run concurrently with Petitioner's federal sentence, the BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Id. At 480-84. The federal sentencing court did not order – at the time of sentencing or at any point subsequent to sentencing (see PS 5160.05, Page 5) – that Petitioner serve his federal sentence concurrently with his state sentences. In fact, when asked by the BOP for an opinion regarding whether Petitioner should receive a retroactive concurrent designation *the federal sentencing court*

---

[9] Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission.

*recommended that the BOP deny Petitioner's request*. Therefore, the BOP is not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence.

At first glance the result may seem harsh, until one considers that the State of Ohio credited against Petitioner's state sentence all the time that he served in official detention from March 9, 2001 until it released him to federal custody on December 13, 2006.[10] See footnote 12, *infra*. [See also ECF No. 22-o2 at p. 14, Ex. 2 at ¶ 14; ECF No. 22-3 at p. 10, ECF No. 22-3 at p. 18, Ex. 2i]. Therefore, the duration of Petitioner's state sentence was not extended by the BOP's determination. And, although the BOP has calculated Petitioner's federal sentence in a manner that he opposes, the BOP's calculation is in accordance with the federal sentencing statutes and applicable agency policy and there is no basis for a federal habeas court to order it to modify its calculation.

### 2. Calculation of the date upon which a federal sentence commences

Next, this Court must consider whether the BOP violated 18 U.S.C. § 3585(a) in determining that Petitioner's federal sentence commenced on December 13, 2006.

#### (a) Statutory and policy background

Section 3585(a) governs the date a federal sentence commences, and it provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

---

[10] The only time that the State of Ohio did not credit against Petitioner's state sentence was that time he spent at the Northcoast Behavioral Healthcare System (that is, from April 4, 2002, through July 4, 2002). As explained below, the BOP *did credit that time against his federal sentence*. See footnote 12. [See also ECF No. 22-o2 at p. 14, Ex. 2 at ¶ 14; ECF No. 22-3 at p. 10, ECF No. 22-3 at p. 18, Ex. 2i].

13

A federal sentence cannot commence earlier than the date on which it was imposed. PS 5880.28, Chapt. 1, Page 13; <u>United States v. LaBeille-Soto</u>, 163 F.3d 93, 98 (2nd Cir. 1998); <u>Shelvy v. Whitfield</u>, 718 F.2d 441, 444 (D.C. Cir. 1983).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As previously noted, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that *the sovereign that first arrests an individual has primary custody over him*. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody *is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction*. <u>See</u>, *e.g.*, <u>Bowman</u>, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence." <u>Chambers</u>, 920 F.Supp. at 622 (citations omitted).

The BOP has incorporated the common law primary custody doctrine into its polices. Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal

14

sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate his federal sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12. If, however, the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently with* any state sentence, the BOP will return custody of the inmate to the state, commence the federal sentence, and designate the state facility as the place of service of the federal sentence pursuant to its authority under § 3621(b). PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

### (b) The BOP did not violate § 3585(a) in commencing Petitioner's federal sentence on December 13, 2006

As set forth above, Petitioner was in primary state custody on the date of his federal arrest. On the date his federal sentencing court imposed his federal sentence (May 15, 2003), he was "on loan" to the USMS pursuant to a writ of habeas corpus *ad prosequendum*. Therefore, BOP policy that directs that a prisoner's federal sentence commences upon imposition if he "is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*)," does not apply to Petitioner. PS 5880.28, Chapt. 1, Page 12.

15

On December 13, 2006, Petitioner was "received in custody awaiting transportation to" a federal facility to serve his federal sentence. Accordingly, the BOP properly commenced his federal sentence on that date pursuant to § 3585(a) and applicable policy. See PS 5880.28, Chapt. 1, Pages 12-13, 31-33 and PS 5160.05, Pages 2-12 (If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody).

### 3. Calculation of prior custody credit under § 3585(b)

Finally, this Court must determine whether the BOP properly calculated the amount of prior custody credit pursuant to 18 U.S.C. § 3585(b).

#### (a) Statutory background

Section 3585(b) provides:

*A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –*

(1)     as a result of the offense for which the sentence was imposed; or

(2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*That has not been credited against another sentence.*[11]

(Emphasis added).

---

[11]     According to Petitioner's federal Presentence Investigation report and his federal Judgment and Commitment Order, his federal offense conduct concluded on September 16, 2001.

16

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001); United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).[12]

### (b) The application of § 3585(b) to Petitioner's sentence calculation

The BOP has determined that Petitioner is entitled to 92 days federal prior custody credit under § 3585(b). It has reached that determination by considering all of the time that he served in official detention through December 12, 2006 (the day before his federal sentence commenced) *that was not credited against his state sentence.*[13] As Respondent explains, the only applicable time period is that period during which Petitioner was detained at the Northcoast Behavioral Healthcare System (April 4, 2002, through July 4, 2002). That is the only time Petitioner served in official detention prior to the commencement of his federal sentence that the state did not credit against his state sentence. Therefore, under § 3585(b), that is the only time

---

[12] The BOP has created a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Pursuant to Kayfez, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) *the non-federal and federal sentences are concurrent*; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. See PS 5880.28, Chapt. 1 at Pages 22B-24. Pursuant to Willis, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) *the non-federal and the federal sentences are concurrent*; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT. Id. Neither Kayfez nor Willis applies to this case because the BOP determined that Petitioner's federal sentence was not concurrent to his state sentence.

[13] Records from the Lorain Correctional Institution and the Ohio Department of Rehabilitation and Correction indicate that the state awarded him 533 days state pre-sentence commencement jail credit for time served on: (1) March 9, 2001 (one day); (2) from September 18, 2001, through April 3, 2002 (198 days); and (3) from July 5, 2002, through June 3, 2003 (334 days). Also, his state sentence commenced on June 4, 2003, and it ran through December 13, 2006, the date his federal sentence commenced. [ECF No. 22-2 at p. 14, Ex. 2 at ¶ 14; see also ECF No. 22-3 at p. 10, Ex. 2f and ECF No. 22-3 at p. 18, Ex. 2i].

that qualifies as federal prior custody credit. [ECF No. 22-2 at p. 14, Ex. 2 at ¶¶ 14-16; see also ECF No. 22-3 at p. 10, Ex. 2f, and ECF No. 22-3 at p. 18, Ex. 2i]. The BOP was statutorily precluded from granting Petitioner with any prior custody credit under § 3585(b) for any additional time he spent in official detention prior to the commencement of his federal sentence on December 13, 2006. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

### C. **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III. **CONCLUSION**

For the foregoing reasons, this Court denies the Petition for Writ of Habeas Corpus. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE LEMONS,** | ) | |
| Petitioner, | ) | Civil Action No. 08-87 Erie |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| **FRANCISCO J. QUINTANA,** | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 29th day of October, 2010;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is denied. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge